UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ERBY FREEMAN,

    Plaintiff,

v.

(UNKNOWN) NOVAK, *et al.*,

    Defendants.    /

Case No. 1:06-CV-715

Hon. Richard Alan Enslen

**JUDGMENT**

This matter is before the Court on Plaintiff Joseph Erby Freeman's Motion for Reconsideration and to Strike the United States Magistrate Judges Recommendation.[1] This Court reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

In regards to his claim that he was denied access to the courts in violation of the First Amendment, Plaintiff objects to the Magistrate Judge's recommendation that he has failed to state a claim.[2] Plaintiff argues that he has suffered actual injury in the form of harm to pending or existing litigation because he is facing dismissal in the instant case. *See Lewis v. Casey*, 518 U.S. 343, 349

---

[1] It is clear from reviewing Plaintiff's Motion for Enlargement of Time that Plaintiff is under the impression that he did not properly object to the Magistrate Judge's Recommendation and wishes to do so now. However, in reviewing Plaintiff's current Motion for Reconsideration and to Strike, the Court finds that this Motion is more accurately labeled an Objection. Therefore, the Court construes this Motion as Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of October 30, 2006, which recommends dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

[2] Although Plaintiff objects to the recommendation that his claims be dismissed for lack of exhaustion, the Magistrate Judge went on to deny his claims substantively. As the Court agrees with that recommendation, it declines to address the issue of exhaustion. *See* 42 U.S.C. § 1997e(c)(2) (a court does not need to first require exhaustion of administrative remedies when the claim may be dismissed because it is "on its face, frivolous, malicious, or fails to state a claim, or seeks monetary relief from a defendant who is immune from suit.")

(1996) (holding prisoner must show actual injury to state a valid claim for interference with his access to the court.); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). However, it is clear that this impending dismissal, based on Plaintiff's failure to establish a violation of his right of access to the courts, can not constitute an injury under *Lewis*. Therefore, this objection is denied.

Plaintiff also objects to the recommendation that his claims that he suffered retaliation in violation of the First Amendment be dismissed for failure to state a claim. The Magistrate Judge found that Plaintiff failed to allege he was engaged in protected conduct and therefore failed to set forth a viable retaliation claim. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff argues that he was engaged in protected conduct because he alleged that Defendant Emlinger would not process his grievances, Defendant Hadden failed to process his Request for a Rehearing and Defendant Novak refused to assist Plaintiff with his defense against his misconduct charges. Plaintiff asserts that each of these acts was protected conduct. The Court disagrees. More accurately stated, Plaintiff has alleged that the adverse action taken by each Defendant was the conduct listed above. Plaintiff alleges in fact that the Defendants' retaliation was a response to his alleged assault on prison guards. This is not protected conduct and therefore, Plaintiff has failed to state a claim for retaliation.

Finally, Plaintiff objects to the Magistrate Judge's finding that his request that the Court issue an injunction expunging his misconduct tickets is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff argues he is not requesting to receive good time back or monetary damages and therefore, his request should not be denied. However, Plaintiff has not argued that he did not lose good time credits, nor does he show that the misconduct hearing was overturned and invalided. Therefore, Plaintiff's claim, if successful, would demonstrate the invalidity of the duration of his confinement,

as he lost one year of good time credits pursuant to the disciplinary conviction.[3] Therefore, Plaintiff's claim is not cognizable under 42 U.S.C. § 1983. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joseph Erby Freeman's Motion for Reconsideration and to Strike the United States Magistrate Judges Recommendation (construed as Objections to the Report) (Dkt. No. 3) are **DENIED** and the Report and Recommendation (Dkt. No. 2) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enlargement of Time (Dkt. No. 4) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Court certifies that an appeal from this action would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that dismissal of this action will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

DATED in Kalamazoo, MI:   /s/ Richard Alan Enslen
December 11, 2006         RICHARD ALAN ENSLEN
                          SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Court agrees with the exhaustive recitation of the case law and its application to this action set forth in the Report and will not reiterate it in this Order.